IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| ALLEGHENY TECHNOLOGIES INCORPORATED and ALLEGHENY & TSINGSHAN STAINLESS, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant. | Court No.   20-03923 |

**JOINT MOTION FOR PROTECTIVE ORDER**

Pursuant to Rules 5.2 and 7 of the Rules of the Court of International Trade and Administrative Order 02-01, Plaintiff, Allegheny Technologies Inc. and Allegheny & Tsingshan Stainless, LLC (hereafter Allegheny), and Defendant, the United States, respectfully request that the Court enter the accompanying proposed protective order, restricting the disclosure of business proprietary or other confidential information that will be produced in the course of this proceeding, and permitting the parties to file such information and

documents under seal.  Although defendant believes that an order incorporating the terms of AO 02-01 would suffice to protect the needs of all parties, the parties propose the agreed-upon protective order to reach a joint proposal.

The nature of the case establishes good cause for entry of this proposed judicial protective order.  The administrative record of the Department of Commerce's determinations on the exclusion requests at issue in this case contains business proprietary information of the requestor and/or objectors.  Further, the administrative action underlying this action did not have an administrative protective order associated with it.

Pursuant to Administrative Order 02-01, ¶ 2, access to business proprietary information will be governed by the entry of a judicial protective order unless jurisdiction is asserted under 28 U.S.C. § 1581(c).  Jurisdiction in this case is asserted under 28 U.S.C. § 1581(i) and thus a judicial protective order is appropriate.  For these reasons, there is good cause to issue a judicial protective order and the parties respectfully request that the Court enter the accompanying proposed order.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Sanford M. Litvack* <br> SANFORD M. LITVACK <br> ANDREW L. POPLINGER <br> GERARD F. BIFULCO <br> R. MATTHEW BURKE <br> Chaffetz Lindsey LLP <br> 1700 Broadway, 33rd Floor <br> New York, NY 10019 <br> Tel.: (212) 257-6960 <br> Fax: (212) 257-6950 <br> sandy.litvack@chaffetzlindsey.com |
| April 22, 2021 | Attorneys for Plaintiff |
|  | – and – |
|  | BRIAN M. BOYNSTON <br> Acting Assistant Attorney General |
|  | JEANNE E. DAVIDSON <br> Director |
|  | /s/Tara K. Hogan <br> TARA K. HOGAN <br> Assistant Director |

/s/ Meen Geu Oh
MEEN GEU OH
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480,
Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 307-0184
Email: Meen-Geu.Oh@usdoj.gov

Dated: April 22, 2021          Attorneys for Defendant

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| ALLEGHENY TECHNOLOGIES INCORPORATED and ALLEGHENY & TSINGSHAN STAINLESS, LLC,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　Defendant. | Court No.   20-03923 |

**PROTECTIVE ORDER**

1. For purposes of this Protective Order, "Confidential Information" means information, data, and documents the disclosure of which to or by the receiving party would, in the good faith belief of the producing party, result in the disclosure of one of the following categories of information: (1) proprietary, business, financial, technical, trade secret, or commercially sensitive information; (2) information that any party or person is prohibited from releasing publicly pursuant to contracts, applicable statutes, applicable regulations, or directives from

the Government; (3) private information that is otherwise protected from disclosure under applicable law including, but not limited to, personnel files; and (4) other confidential research, development, or commercial information as set forth in USCIT Rule 26(c)(1)(G).

    2.    This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties.  This Protective Order does not restrict in any manner a party's use of its own Confidential Information.

    3.    Under Administrative Order 02-01, ¶ 13, no receiving party may disclose any document designated as containing Confidential Information, or any information contained in such a document, to any person other than:

    A. Counsel for a party in this action who are engaged in the conduct or preparation of this action or any appeal from a decision in this action;

    B. Secretaries, paralegal assistants, clerical personnel, and other employees of a party in this action who are engaged in assisting counsel (as described in item A of this paragraph) in the preparation of this action;

      C. Persons who prepared, received, or reviewed the Confidential Information prior to its production in this case;

      D. Government personnel or investigators to whom counsel determine in good faith that disclosure is required to assist in the prosecution, defense or resolution of this case;

      E. Authorized personnel of the U.S. Court of International Trade;

      F. Videographers or court reporters retained by a party to this action or the Court;

      G. Any third party consultant or experts who are retained to assist in the preparation of this action.

4.     Counsel for Plaintiffs shall cause (1) all persons under counsel's direction and control who see confidential information and (2) all counsel who have not entered an appearance who see confidential information to comply with the terms of this Protective Order, and to sign a statement to be filed with the Court acknowledging that their access to confidential information will be under the direction and control of counsel, and that they will comply with the terms of this Protective Order.  The filing of a Form 17 (Business Proprietary

Information Certification) under the Rules of the U.S. Court of International Trade will satisfy the requirements of this paragraph.

5. All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order. Persons receiving Confidential Information pursuant to this Protective Order will not make use of or disclose any Confidential Information for any purpose other than the litigation of this action or use such information in a manner inconsistent with 28 U.S.C. § 2640(e), which defines the scope of review in actions under section 1581(i). A party, or a party's attorney, waives the protection of this Protective Order as to the information of the party contained in any filing of that party or any information of the party contained in the administrative record, when it files such information without redaction and not under seal.

6. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or,

subject to procedures that maintain the confidentiality of Confidential Information consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

7. A designation of information as "confidential" is to be made by stamping or otherwise inscribing the word "CONFIDENTIAL" and/or "BUSINESS PROPRIETARY INFORMATION" and/or "PROPRIETARY DOCUMENT" and/or "SUBJECT TO PROTECTIVE ORDER" upon the document itself. When a document contains information that is both non-confidential and confidential, the producing party will make a reasonable effort to segregate the confidential portions by clearly identifying the specific pages and/or portions thereof which are confidential. The filing with the Court of confidential and public versions of a party's appendix will satisfy the requirements of this paragraph. Those portions of documents which are not confidential will not be restricted by this Protective Order, and the parties, in their publicly filed pleadings, publicly filed briefs, or other publicly filed submissions, may quote, reference, or summarize non-BPI and other

non-confidential information contained in a document containing both non-confidential and confidential information, without redaction.

8.  Any documents, including briefs and memoranda that are filed with the Court in this civil action and that contain any Confidential Information, shall be conspicuously marked as containing Confidential Information that is not to be disclosed to the public.

9.  Arrangements shall be made with the Clerk of the Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, counsel for the plaintiff, and counsel for the defendant. The party filing any document referred to in this paragraph shall also file within three business days after the date of filing the document another copy of such document from which all of the confidential information shall have been deleted in accordance with Rule 81 of the Rules of this Court.

10. If counsel for any party to this Protective Order finds it necessary to refer to Confidential Information in any oral proceeding before this Court, such counsel shall notify the Court and all other counsel of record as soon as the necessity becomes apparent and propose whatever mechanism which may be available and appropriate to

prevent disclosure of confidential information to persons other than those authorized by this Protective Order.

11. The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of this case, including any appellate proceedings, or until the Court orders otherwise.

12. Upon conclusion of this litigation, including such appellate review as may occur, documents designated as Confidential Information and all copies of same (other than exhibits of record) will be destroyed by any non-Government receiving party; or alternatively, if requested by the producing party, such documents and copies (other than exhibits of record) will be returned by the non-Government receiving party to the producing party at that party's request, other than copies containing work notes of counsel or other authorized persons, which will be destroyed.

13. Any party may petition the Court, on reasonable notice to all other parties, for a modification of the terms of this Protective Order. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this case.

14. If a dispute arises concerning the designation of any Confidential Information, the parties shall first take reasonable steps to meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.

15. If the parties cannot informally resolve any dispute regarding whether particular information is properly designated as Confidential Information under this Protective Order, a party may apply to or move the Court for an in camera determination or Order that Confidential Information is not entitled to such designation status and protection from disclosure.  The Designating Party shall be given notice of the application or motion and a reasonable opportunity to respond.  Material designated as Confidential Information prior to any such challenge shall be treated as such by the parties until further order of the Court has determined or ordered otherwise.  The burden rests on the Designating Party to demonstrate that the designation is proper.

SO ORDERED:

_____
JUDGE

Dated:_____
   New York, New York