IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |  |
|---|---|---|
| ALLEGHENY TECHNOLOGIES INCORPORATED and ALLEGHENY & TSINGSHAN STAINLESS, LLC, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Court No.   20-03923 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) ) ) | |

## ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1.      Admits that in March 2018 the President proclaimed a 25% tariff on imports of certain steel articles as well as the contents of the partial quotation of the Presidential proclamation contained in paragraph 1 to the extent supported by the proclamation itself, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 1.

2.     Admits that the President directed that the Secretary of
Commerce is "authorized to provide relief from the additional duties set
forth in clause 2 of this proclamation for any steel article determined
not to be produced in the United States in a sufficient and reasonably
available amount or of a satisfactory quality and is also authorized to
provide such relief based upon specific national security
considerations"; the remainder of the allegations contained in
paragraph 2 constitute conclusions of law, and plaintiffs'
characterization of their case, to which no answer is required; to the
extent they may be deemed allegations of fact, denies.

3.     Admits the contents of the partial quotation of the Federal
register notice contained in paragraph 3 to the extent supported by the
Federal Register notice cited, which is the best evidence of its contents;
otherwise denies the allegations contained in paragraph 3.

4.     The allegations contained in paragraph 4 constitute
plaintiffs' argument, characterization of their case, and conclusions of
law to which no answer is required; to the extent they may be deemed
allegations of fact, denies.

5.     Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6.     Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7.      Denies the allegations contained in the first, second, and fourth sentences of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations in the third sentence of paragraph 7 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

8.      Admits the allegations in the first sentence of paragraph 8 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.  The remaining allegations contained in paragraph 8 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

9.      The allegations contained in paragraph 9 constitute plaintiffs' argument, characterization of their case, and conclusions of

law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

10.    The allegations contained in paragraph 10 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

11.    The allegations contained in paragraph 11 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

12.    The allegations contained in paragraph 12 constitute plaintiffs' characterization of their case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

13.    The allegations contained in paragraph 13 constitute plaintiffs' argument and characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, denies.

14.     Admits the contents of the partial quotation of the United States Government Accountability Office report contained in the second and third sentences and accompanying citations of paragraph 14 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in second and third sentences of paragraph 14.  The remainder of the allegations contained in paragraph 14 constitute plaintiffs' argument and characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, denies.

15.     The allegations contained in paragraph 15 constitute plaintiffs' argument and characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, denies.

16.     Admits the existence of the partial quotation in the second sentence of paragraph 16 is included in  the "management alert" cited, which is the best evidence of its contents; otherwise denies.  The remainder of the allegations contained in paragraph 16 constitute plaintiffs' argument and characterization of their case to which no answer is required; to the extent they may be deemed allegations of

fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

17.    Admits the allegations in paragraph 17 that AK Steel communicated with the Department of Commerce while plaintiffs' exclusion requests were pending and that plaintiffs' requests were ultimately denied.  The remainder of the allegations contained in paragraph 17 constitute plaintiffs' argument and characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

18.    The allegations contained in paragraph 18 constitute plaintiffs' argument and characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, denies.

19.    The allegations contained in paragraph 19 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

20.    The allegations contained in paragraph 20 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

21.    The allegations contained in paragraph 21 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

22.    Admits that exclusion requests challenged in this suit were filed; otherwise denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23.    Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24.    The allegations contained in paragraph 24 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

25.    Admits.

26.    The allegations contained in paragraph 26 constitute conclusions of law to which no answer is required; to the extent they

may be deemed allegations of fact, admits to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies.

27.     The allegations contained in paragraph 27 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the statute cited, which is the best of its contents; otherwise denies.

28.     Admits that on March 8, 2018, the President issued Proclamation 9705 and that the President directed that the Secretary of Commerce is "authorized to provide relief from the additional duties set forth in clause 2 of this proclamation for any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality and is also authorized to provide such relief based upon specific national security considerations"; otherwise denies.

29.     Admits the allegations contained in paragraph 29 to the extent supported by the Federal Register notice and regulation cited, which are the best evidence of their contents; otherwise denies.

30.    The allegations contained in paragraph 30 constitute
conclusions of law to which no answer is required; to the extent they
may be deemed allegations of fact, admits to the extent supported by
the regulation cited, which is the best evidence of its contents;
otherwise denies.

31.    Admits the allegations contained in paragraph 31 to the
extent supported by the regulation cited, which is the best evidence of
its contents; otherwise denies.

32.    The allegations contained in paragraph 32 constitute
conclusions of law to which no answer is required; to the extent they
may be deemed allegations of fact, admits to the extent supported by
the regulation cited, which is the best evidence of its contents;
otherwise denies.

33.    Admits the allegations contained in paragraph 33 to the
extent supported by the regulation cited, which is the best evidence of
its contents; otherwise denies.

34.    Admits the allegations in the first sentence and
accompanying citation of  paragraph 34 to the extent supported by the
regulation cited, which is the best evidence of its contents; otherwise

denies.  The remainder of the allegations contained in paragraph 34

constitute plaintiffs' characterization of their case and conclusions of

law to which no answer is required; to the extent they may be deemed

allegations of fact, denies.

35.   Admits the allegations in paragraph 35 to the extent

supported by the administrative record, which is the best evidence of its

contents; otherwise denies for lack of knowledge or information

sufficient to form a belief as to their truth.

36.   Admits the allegations in paragraph 36 to the extent

supported by the administrative record, which is the best evidence of its

contents; otherwise denies for lack of knowledge or information

sufficient to form a belief as to their truth.

37.   Admits the allegations in paragraph 37 to the extent

supported by the administrative record, which is the best evidence of its

contents; otherwise denies for lack of knowledge or information

sufficient to form a belief as to their truth.

38.   Admits the allegations in paragraph 38 to the extent

supported by the administrative record, which is the best evidence of its

contents; otherwise denies.

39.    Admits the allegations in first sentence of paragraph 39 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.  The allegations contained in the remaining sentences in paragraph 39 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

40.    The allegations contained in paragraph 40 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact; denies.

41.    Admits the allegations contained in the first, second, and last sentences of paragraph 41 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second, and last sentences of paragraph 41.  The remainder of the allegations contained in paragraph 41 constitute plaintiffs' argument, characterization of

their case, and conclusions of law to which no answer is required; to the

extent they may be deemed allegations of fact, denies.

42.    The allegations contained in paragraph 42 constitute

plaintiffs' argument, characterization of their case, and conclusions of

law to which no answer is required; to the extent they may be deemed

allegations of fact, admits to the extent supported by the administrative

record, which is the best evidence of its contents; otherwise denies.

43.    The allegations contained in paragraph 43 constitute

plaintiffs' argument, characterization of their case, and conclusions of

law to which no answer is required; to the extent they may be deemed

allegations of fact, denies.

44.    The allegations contained in paragraph 44 constitute

plaintiffs' argument, characterization of their case, and conclusions of

law to which no answer is required; to the extent they may be deemed

allegations of fact, denies.

45.    The allegations contained in paragraph 45 constitute

plaintiffs' argument, characterization of their case, and conclusions of

law to which no answer is required; to the extent they may be deemed

allegations of fact, admits the allegations to the extent supported by the

administrative record and the partial quotation from the report cited, which are the best evidence of their contents; otherwise denies.

46.   The allegations contained in paragraph 46 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

47.   Admits the allegation in the first and second sentences of paragraph 47 to the extent supported by the administrative record, which is the best evidence of its contents. The remainder of the allegations in paragraph 47 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

48.   Admits the allegations in paragraph 48 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

49.    Admits the allegations in paragraph 49 to the extent supported by the administrative record, which is the best evidence of its

contents; otherwise denies for lack of knowledge or information sufficient to form a belief as to their truth.

50.    The allegations contained in paragraph 50 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

51.    The allegations contained in paragraph 51 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

52.    The allegations contained in paragraph 52 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

53.    The allegations contained in paragraph 53 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

54.    The allegations contained in the first and second sentences of paragraph 54 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent the allegations in the first and second sentences of paragraph 54 may be deemed allegations of fact, admits the allegations to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.  Denies the allegations in the last sentence of paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth.

55.    Denies the allegations in the first, second, third, and fourth sentences of paragraph 55 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the last sentence of paragraph 55 constitute plaintiffs' argument and characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, denies.

56.    Denies the allegations in the first sentence of paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the second sentence of paragraph 56 constitute plaintiffs' argument, characterization of their

case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

57.   The allegations contained in the first sentence of paragraph 57 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact; admits to the extent supported by the regulation cited; otherwise denies.  The remaining allegations in paragraph 57 constitute plaintiffs' argument and characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

58.   The allegations contained in paragraph 58 constitute plaintiffs' argument and characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

59.   The allegations contained in paragraph 59 constitute plaintiffs' argument, characterization of their case, and conclusions of

law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

60.   The allegations contained in the first and second sentences of paragraph 60 constitute plaintiffs' argument and characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, denies.  Admits the allegations contained in the third sentence and accompanying citation of paragraph 60 to the extent supported by the administrative record and the report cited, which are the best evidence of their contents; otherwise denies.

61.   The allegations contained in paragraph 61 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

62.   The allegations contained in paragraph 62 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

63.   Admits the allegation in the first sentence of paragraph 63 that AK Steel communicated with the Department of Commerce while

17

plaintiffs' exclusion requests were pending.  Admits the allegations in the second sentence and accompanying citation of paragraph 63 to the extent supported by the administrative record and court records cited, which are the best evidence of their contents; otherwise denies.  The remainder of the allegations contained in paragraph 63 constitute plaintiffs' argument, characterization of their case, and legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, denies.

64.   The allegations contained in paragraph 64 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

65.   Defendant incorporates its responses to paragraphs 1 through 64 of the complaint by reference.

66.   Admits the allegations contained in paragraph 66 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

67.   The allegations contained in the first two sentences of paragraph 67 constitute plaintiffs' argument, characterization of their

case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies. Admits the allegations contained in the third sentence of paragraph 67 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

68.    The allegations contained in paragraph 68 constitute plaintiffs' argument, characterization of their case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

69.    Defendant incorporates its responses to paragraphs 1 through 64 of the complaint by reference.

70.    Admits the allegations contained in paragraph 70 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

71.    The allegations contained in the first two sentences of paragraph 71 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies. Admits the allegations contained in the third sentence of paragraph 71 to the

extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

72.    The allegations contained in paragraph 72 constitute plaintiffs' argument, characterization of their case, and conclusions of law to which no answer is required; to the extent they may deemed allegations of fact, denies.

73.    Denies that the plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 72, or to any relief whatsoever.

74.    Denies each and every allegation not previously admitted, denied, or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Tara K. Hogan
TARA K. HOGAN
Assistant Director

OF COUNSEL:                         /s/ Meen Geu Oh
ANTHONY D. SALER                    MEEN GEU OH
KIMBERLY HSU                        Senior Trial Counsel
Department of Commerce              U.S. Department of Justice
Office of the Chief Counsel         Civil Division
for Industry & Security             Commercial Litigation Branch
U.S. Department of Commerce         P.O. Box 480
                                    Washington, D.C. 20044
                                    Tel.: (202) 307-0184
                                    Email: Meen-Geu.Oh@usdoj.gov

May 5, 2021                         Attorneys for Defendant