IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |  |
|---|---|---|
| ALLEGHENY TECHNOLOGIES INCORPORATED and ALLEGHENY & TSINGSHAN STAINLESS, LLC, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Court No.    20-03923 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Upon consideration of the defendant's motion for a voluntary remand, and all responses thereto, it is hereby ORDERED that the motion is GRANTED; and it is further

ORDERED that the Department of Commerce's final determinations not to exclude steel slab products from the remedy imposed by the President under Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862, challenged in this action are remanded to Commerce for reconsideration in accordance with this order; and it is

1

further

ORDERED that:

- Upon issuance of this order, Commerce shall file its remand results no later than 95 days after the date of this order;

- The briefing schedule is stayed pending issuance of Commerce's remand results.

- The parties shall file a proposed scheduling order no later than 14 days after the filing of the remand results.

SO ORDERED.

_____, 2021                      _____
                                                    New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

| | | |
|---|---|---|
| ALLEGHENY TECHNOLOGIES INCORPORATED and ALLEGHENY & TSINGSHAN STAINLESS, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Court No.    20-03923 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) ) | |

<u>DEFENDANT'S MOTION FOR VOLUNTARY REMAND</u>

Defendant, the United States, respectfully requests that the Court remand the challenged actions of the United States Department of Commerce for the agency to reconsider its final determinations not to exclude imports of semi-finished stainless steel slab from Indonesia from the remedy imposed by the President under Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862.  We also respectfully request that the Court stay the briefing schedule pending completion of Commerce's remand results.

1

If this motion is granted, Commerce intends to reconsider the two subject exclusion requests and provide additional explanation for its decisions.  Commerce will issue new determinations to either: (1) grant the requests excluding some or all of these products from the scope of the Section 232 measure on steel imports; or (2) deny the exclusion requests.

On July 9, we informed counsel for the plaintiff that we intended to seek a voluntary remand.  On July 20, 2021, counsel for the plaintiff represented that the plaintiff will oppose this motion.[1]

<u>BACKGROUND</u>

Pursuant to the authority granted the President under Section 232, Proclamation 9705 established a 25 percent tariff on imports of most steel products.  *Adjusting Imports of Steel Into the United States,*

---

[1] Upon conferring with counsel for the plaintiff, we understand that at least some of Allegheny's entries that Allegheny believes might be covered by any granted exclusions in this case have liquidated.  That raises the question of whether, should an exclusion ultimately be granted on remand, there is any further relief that Allegheny could obtain from this Court.  Although Allegheny is still in the process of confirming how many of its entries have liquidated, it has suggested that rather than consenting to remand, it may request that this Court resolve the issue of the scope of relief available in a challenge to Commerce's section 232 exclusion decisions.  If Allegheny does report that all its entries have liquidated and proposes that course, we would not oppose briefing the issue of available remedies first.

*Proclamation No. 9705 of March 8, 2018*, 83 Fed. Reg. 11,625 (Mar. 15, 2018).  In implementing the steel tariff, the President "authorized [Commerce] to provide relief from the additional duties set forth in clause 2 of this proclamation for any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality" "and []also []to provide such relief based upon specific national security considerations." *Proclamation No. 9705*, 83 Fed. Reg. at 11,627.

Plaintiff Allegheny Technologies, Inc. and Allegheny & Tsingshan Stainless, LLC (collectively Allegheny) sought exclusions for two different types of semi-finished stainless steel slab from Indonesia.  *See* Compl. ¶ 4.  Commerce (Bureau of Industry and Security, or BIS) rejected those requests.  Commerce denied those requests because it found that the domestic industry was capable of timely manufacturing sufficient quantities (of sufficient quality) of the requested merchandise.  In its complaint, Allegheny contends that Commerce has failed to provide "any analysis or reasoning" for its denials of the exclusion requests.  Compl. ¶ 11.

3

In the beginning of Commerce's administration of the exclusion process in 2018 through 2019, Commerce officials met with interested parties (both requesters and objectors) to discuss pending exclusion requests and to discuss the exclusion program generally.  BIS has no regulation requiring the documentation of such meetings and, at the time, did not have a practice of contemporaneously documenting those meetings.  That practice ceased in late 2019.

In a management alert issued in late 2019, the Department of Commerce's Office of the Inspector General (OIG) stated that the lack of contemporaneous documentation of these meetings gave the "appearance that Department officials may not be impartial or transparent and are potentially making decisions based on evidence not contained in the official record for specific exclusion requests." *See* Management Alert: Certain Communications by Department Officials Suggest Improper Influence in the Section 232 Exclusion Request Review Process Final Memorandum No. OIG-20-003-M (Oct. 28, 2019) (hereafter, OIG Management Alert).[2]  Significantly, no determination

---

[2] The memorandum is available at https://www.oig.doc.gov/Pages/Management-Alert-Certain-

was made that any agency officials acted in bad faith or without impartiality.

In its complaint, however, Allegheny cites, among other things, this memorandum, claiming that the "Inspector General express serious concern" regarding "irregularities in the process," to support its request for relief.  Compl. ¶ 16 (quoting OIG Management Alert).

ARGUMENT

I.   Standard Of Review

Voluntary remand is consistent with the principle that "[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider."  *Trujillo v. General Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980) (citing *Albertson v. FCC*, 182 F.2d 397, 399 (D.C. Cir. 1950)).

"When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position."  *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029

Communications-by-Department-Officials-Suggest-Improper-Influence-in-the-Section-232-Exclusion-Req.aspx

(Fed. Cir. 2001).  Indeed, under the circumstances here, which involve weighing multiple interests and evidence from disparate sources, "a remand to the agency is required, absent the most unusual circumstances verging on bad faith."  *Id.* at 1029-30 (identifying the appropriateness of remand with respect to a change in policy relating to the interpretation of an ambiguous statute); *see also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that the district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action.").

Remand is "usually appropriate" if "the agency's concern is substantial and legitimate."  *SKF*, 254 F.3d at 1029.  Commerce's concerns are substantial and legitimate where:  (1) "Commerce provided a compelling justification for its remand request," (2) "the need for finality - although an important consideration - does not outweigh the justification for voluntary remand presented by Commerce," and (3) the "scope of Commerce's remand request is appropriate."  *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1336-39 (Ct. Int'l Trade 2005).

6

"If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

## II.   Commerce's Request For Remand Is Based In Substantial and Legitimate Concerns

We respectfully request that the Court remand Commerce's determinations for the exclusion requests at issue for further consideration, without confessing error.

First, Commerce has a compelling justification for its request for voluntary remand.  Commerce acknowledges that another Judge of this Court, in *JSW Steel, Inc. v. United States*, found that Commerce's denials of the exclusion requests at issue in that case were "devoid of explanation and frustrate judicial review."  466 F. Supp. 3d 1320, 1330 (Ct. Int'l Trade 2020).  Based on its review of the decision memoranda and underlying recommendations in this case, which are similar in reasoning and scope of analysis as those reviewed in *JSW*, Commerce

7

wishes to reconsider the exclusions and to provide additional reasoning or explanation, as necessary.

Additionally, we recognize that, in the absence of contemporaneous *ex parte* memoranda, and despite our best efforts to provide the Court and parties with documents and information in existence concerning communications between interested parties and Commerce while the exclusion requests were pending, the Court may nonetheless conclude that the existing record is incomplete. Commerce therefore proposes, on remand, to reconsider the exclusion requests by engaging in a new and independent review of a record limited to: (1) the original exclusion request; (2) the parties' original objections, rebuttals and sur-rebuttals, and (3) any other information that the decision-maker considers, which will be documented in the record.

Because Commerce will be making new determinations, the proposed remand eliminates any disputes about what was before the decision-maker at the time the original decisions were made, or any claim that the agency previously considered *ex parte* information. Thus, a voluntary remand at this stage, to create and decide the exclusions based on a new and independent review of the original record

8

submissions, will eliminate any potential disputes about the completeness of the current record.

Second, the need for finality is not outweighed by the agency's justification.  Indeed, Allegheny seeks to overturn Commerce's denials of its exclusion requests.  *See* Compl. Request for Relief.  On remand, Commerce could grant some or all of the exclusion requests that Allegheny challenges in this case.  Thus, "remanding for reconsideration now essentially expedites relief that {the plaintiff} seeks and may obviate the necessity for remand (or, perhaps, any proceedings) later."  *Borusan Mannesmann Pipe U.S. Inc. v. United States*, 2020 Ct. Intl. Trade LEXIS 95 (July 20, 2020).  Should Commerce grant an exclusion on remand, the one-year exclusion will be retroactive to the date the request for exclusion was accepted by Commerce.  *Proclamation 9777 of August 29, 2018, Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 45,025, 45,026, cl. 5 (Sept. 4, 2018).

Third, the scope of our request is appropriate.  The scope is broad – Commerce intends to fully reconsider all aspects of the exclusion requests based on a new and independent review.  This broad scope is

9

necessary and proportional to resolve the issues presented in this
matter.

     Commerce's request is therefore substantial and legitimate.
Remand will conserve judicial resources on a matter that may well be
mooted or resolved by further agency consideration of the matter.
Further, remand will provide the opportunity for meaningful judicial
review of supported determinations based upon the parties' original
submissions, thus resolving any dispute as to the completeness of the
present administrative record. *Fla. Power & Light*, 470 U.S. at 744; *see,
e.g., Katunich v. Donovan*, 5 C.I.T. 274, 275 (1983) (remanding to
agency upon finding that administrative record was incomplete).
Moreover, when a reviewing court is unsure of an agency's reasoning,
the proper course is to remand "to afford the agency an opportunity to
set forth its view in a manner that would permit reasoned judicial
review." *Checkosky v. SEC*, 23 F.3d 452, 462 (D.C. Cir. 1994) (separate
opinion of Silberman, J.).  In sum, a voluntary remand will foster the
just, speedy, and inexpensive resolution of this case.  USCIT R. 1.

     In seeking this amount of time, Commerce has considered its
limited resources, and its ongoing statutory obligations.  In particular,

there are currently over 19,000 pending exclusion requests before Commerce, which, in general, Commerce must decide within 106 days. Moreover, Commerce is seeking voluntary remands in other exclusion cases, necessitating the staggering of schedules for remand proceedings in these cases.

The duration of our request will not prejudice the plaintiff. If, on remand, Commerce grants an exclusion, Allegheny will then be able to notify CBP and request to apply the exclusion to specific entries. If CBP determines that a claimed exclusion applies to the merchandise covered by the entries, those entries will be liquidated without section 232 duties, and with interest provided for by law.[3]

For these reasons, we respectfully request that the Court grant our motion for voluntary remand.

---

[3] "[S]teel . . . articles specified in the approved decision memo in entries that have not been liquidated by CBP are those eligible for tariff refunds or tariff exclusions." 85 Fed. Reg. 81,060, 81,064 (Dep't of Commerce Dec. 14, 2020). Recognizing that potentially covered merchandise could enter the United States while an exclusion request is pending, CBP has provided guidance to importers on how to claim an exclusion on previously imported entries. CSMS #39633923, UPDATE: Submitting Imports of Products Excluded from Duties on Imports of Steel or Aluminum (Sept. 3, 2019), *available at* https://content.govdelivery.com/accounts/USDHSCBP/bulletins/25cc403.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Tara K. Hogan
TARA K. HOGAN
Assistant Director

OF COUNSEL:                          /s/ Meen Geu Oh
                                     MEEN GEU OH
                                     Senior Trial Counsel
Kimberly Hsu                         Department of Justice
Office of Chief Counsel for          Civil Division
Industry and Security                Commercial Litigation Branch
Department of Commerce               P.O. Box 480, Ben Franklin Station
                                     Washington, D.C. 20044
                                     Tel.:  (202) 307-0184
                                     Email: Meen-Geu.Oh@usdoj.gov

Dated: July 21, 2021                 Attorneys for Defendant

<u>GLOSSARY</u>

BIS: Bureau of Industry and Security

CBP: United States Customs & Border Protection