IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| ALLEGHENY TECHNOLOGIES INCORPORATED and ALLEGHENY & TSINGSHAN STAINLESS, LLC,<br><br>     Plaintiffs,<br><br>     v.<br><br>UNITED STATES,<br><br>     Defendant. | Court No.   20-03923 |

**STIPULATED JUDGMENT ON AGREED-UPON FACTS**

This action is stipulated for judgment on the following agreed statement of facts in which the parties agree that:

1.  Plaintiffs Allegheny Technologies Incorporated and Allegheny & Tsginshan Stainless, LLC (ATI) are United States importers and manufacturers of steel products.

2.  ATI imported into the United States steel articles from Indonesia that were subject to a tariff of 25 percent pursuant to presidential action under section 232 of the Trade Expansion Act of

1962, 19 U.S.C. § 1862, under *Proclamation 9705 of March 8, 2018 Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 11,625 (Mar. 15, 2018) (imposing Section 232 tariff of 25 percent on imported steel articles).

3. Pursuant to the exclusion process directed by the President in *Proclamation 9705*, and the subsequent implementing regulations issued by the U.S. Department of Commerce (Commerce), ATI submitted to Commerce requests that two steel articles be excluded from the Section 232 duties. Compl. ¶ 41.

4. Commerce denied both of ATI's exclusion requests. Compl. ¶¶ 67, 71. Commerce signed both denials on April 19, 2019. *Id.*

5. Exclusions, if granted, are generally valid from the date that Commerce accepted the request for relief until one year from the date of signature of the decision memorandum. *Proclamation No. 9777*, 83 Fed. Reg. 45,025 cl. 5 (Aug. 29, 2018). Therefore, had Commerce granted the exclusion requests in 2019, the one-year exclusion period for entries of merchandise would have ended one year after the decision dates.

6. Without admitting liability or otherwise, the parties have agreed to settle all of ATI's claims regarding the assessment or payment of Section 232 duties due or arising from the imported merchandise covered by the entries and entry summary lines identified in Attachments A and B to this Stipulated Judgment, or that ATI claims is subject to ATI's exclusion requests identified in paragraph 3.

7. As a full and complete settlement of all claims subject to this action, pursuant to the process outlined in the parties' settlement agreement, ATI shall be refunded in the full amount of Section 232 duties paid upon the merchandise covered by the entries and entry summary lines that are specifically identified in Attachment A to this Stipulated Judgment.

8. All refunds payable by reason of this judgment are to be paid with interest provided for by law pursuant to 19 C.F.R. § 24.36.

9. All entries identified in Attachment B, if not already liquidated, shall be liquidated in their ordinary course, together with the full amount of Section 232 duties due at the time of entry on the merchandise covered by the specific entry summary lines identified in Attachment B, and all Section 232 duties assessed on the merchandise

covered by such entry summary lines at liquidation will be final and non-protestable.  Any Section 232 duties assessed on any merchandise that is covered by any liquidated entries identified in Attachment B will be final and non-protestable.

      10.    ATI waives any right to appeal, challenge, or to make any claim against the defendant with respect to or arising from the exclusion requests identified in paragraph 3, or the entries and entry summary lines identified in Attachments A and B, other than a claim by motion or otherwise that refunds have not been paid in the full amount specified, or in the time or manner provided for in this Stipulated Judgment and/or the settlement agreement.

**IT IS HEREBY ORDERED** that this action is decided and this final judgment is to be entered by the Clerk of the Court; the appropriate U.S. Customs and Border Protection officials shall make refund in accordance with the stipulation of the parties set forth above; and it is further ORDERED that, this action is dismissed with prejudice and each party shall bear their own attorney fees, costs, and expenses.

/S/        M. Miller Baker<br>JUDGE M. MILLER BAKER

Date: April 13, 2022

## ATTACHMENT A

| Customs Entry # | Entry Date |
|---|---|
|  | 6/12/2018 |
|  | 6/12/2018 |
|  | 6/12/2018 |
|  | 6/14/2018 |
|  | 6/14/2018 |
|  | 6/15/2018 |
|  | 6/15/2018 |
|  | 6/28/2018 |
|  | 6/28/2018 |
|  | 7/11/2018 |
|  | 7/11/2018 |
|  | 7/20/2018 |
|  | 7/30/2018 |
|  | 7/30/2018 |
|  | 8/2/2018 |
|  | 8/2/2018 |
|  | 8/8/2018 |
|  | 8/8/2018 |
|  | 8/31/2018 |
|  | 8/31/2018 |
|  | 9/12/2018 |
|  | 9/21/2018 |
|  | 10/4/2018 |
|  | 10/12/2018 |
|  | 10/23/2018 |
|  | 10/23/2018 |
|  | 11/12/2018 |
|  | 11/21/2018 |
|  | 12/3/2018 |
|  | 12/19/2018 |
|  | 12/19/2018 |
|  | 1/2/2019 |
|  | 1/2/2019 |

| Customs Entry # | Entry Date |
|---|---|
| ███ | 1/2/2019 |
| ███ | 1/14/2019 |
| ███ | 1/18/2019 |
| ███ | 1/28/2019 |
| ███ | 1/28/2019 |
| ███ | 2/1/2019 |
| ███ | 2/8/2019 |
| ███ | 2/8/2019 |
| ███ | 2/15/2019 |
| ███ | 2/22/2019 |
| ███ | 2/22/2019 |
| ███ | 3/1/2019 |
| ███ | 3/1/2019 |
| ███ | 3/1/2019 |
| ███ | 3/8/2019 |
| ███ | 3/8/2019 |
| ███ | 3/15/2019 |
| ███ | 3/20/2019 |
| ███ | 3/29/2019 |
| ███ | 3/29/2019 |
| ███ | 3/29/2019 |
| ███ | 4/5/2019 |
| ███ | 4/5/2019 |
| ███ | 4/12/2019 |
| ███ | 4/12/2019 |
| ███ | 4/18/2019 |
| ███ | 4/26/2019 |
| ███ | 5/3/2019 |
| ███ | 5/31/2019 |

## ATTACHMENT B

| Customs Entry # | Entry Date |
|---|---|
| | 9/12/2018 |
| | 9/14/2018 |
| | 9/21/2018 |
| | 9/28/2018 |
| | 10/4/2018 |
| | 10/15/2018 |
| | 10/23/2018 |
| | 10/26/2018 |
| | 10/31/2018 |
| | 11/9/2018 |
| | 11/21/2018 |
| | 12/3/2018 |
| | 12/7/2018 |
| | 12/19/2018 |
| | 1/2/2019 |
| | 1/14/2019 |
| | 4/18/2019 |
| | 4/26/2019 |
| | 5/3/2019 |
| | 5/3/2019 |
| | 5/9/2019 |
| | 5/17/2019 |
| | 5/17/2019 |
| | 5/17/2019 |
| | 5/24/2019 |
| | 5/24/2019 |
| | 5/24/2019 |
| | 5/31/2019 |
| | 6/6/2019 |
| | 6/6/2019 |
| | 6/13/2019 |
| | 6/28/2019 |
| | 6/28/2019 |
| | 7/3/2019 |

| | |
|---|---|
| ███ | 7/3/2019 |
| ███ | 7/2/2019 |
| ███ | 7/12/2019 |
| ███ | 7/12/2019 |
| ███ | 7/19/2019 |
| ███ | 7/19/2019 |
| ███ | 7/19/2019 |
| ███ | 7/26/2019 |
| ███ | 7/26/2019 |
| ███ | 8/2/2019 |
| ███ | 8/2/2019 |
| ███ | 8/9/2019 |
| ███ | 8/16/2019 |
| ███ | 8/23/2019 |
| ███ | 8/23/2019 |
| ███ | 8/30/2019 |
| ███ | 8/30/2019 |
| ███ | 8/30/2019 |
| ███ | 9/6/2019 |
| ███ | 9/6/2019 |
| ███ | 9/5/2019 |
| ███ | 9/13/2019 |
| ███ | 9/20/2019 |
| ███ | 9/20/2019 |
| ███ | 9/27/2019 |
| ███ | 9/27/2019 |
| ███ | 10/4/2019 |
| ███ | 10/11/2019 |
| ███ | 10/11/2019 |
| ███ | 10/25/2019 |
| ███ | 11/1/2019 |
| ███ | 11/1/2019 |
| ███ | 11/22/2019 |
| ███ | 11/15/2019 |